UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CARL SLOAN WELCH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13CV00070 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on movant Welch's § 2255 "Motion to Vacate, Set Aside or Correct Sentence", #1, to which the government has filed a response, #3. This Court sentenced Welch to 37 months incarceration for violation of his supervised release in case number 1:10CR0093 SNLJ.

Welch's Petition states four grounds for relief: (1) that his attorney did not file a Notice of Appeal even though an appeal was requested by Welch; (2) that his sentence of 37 months was unreasonable; (3) that his supervised release violation was not a Grade A violation; and (4) that his criminal history calculation was improper. Ground one will require an evidentiary hearing and will require that an attorney be appointed by this Court to represent Welch for that hearing. The other three grounds for relief requested by Welch are resolved based on a review of the files and records of the case without an evidentiary hearing.

**FACTS**

**A. Welch's Original Conviction and Sentence.**

On November 1, 2000, Carl Sloan Welch was convicted of the felony of Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine Base in the United States District

Court for the Southern District of Illinois. Welch was sentenced to serve a term of imprisonment of 240 months, plus 60 months of supervised release following his release from prison. That term of imprisonment was eventually reduced to 160 months. Welch was released from prison on July 31, 2009, to begin his term of supervised release. Welch obtained a transfer of his supervised release to this District on July 9, 2010.

**B. Allegations of Petition to Revoke Welch's Supervised Release.**

On September 10, 2012, United States District Court Judge Henry E. Autry issued his Order directing that an arrest warrant be issued for Welch. That warrant was based on the allegations in a Petition that Welch had violated the terms of his supervised release. The Petition alleged that, on August 27, 2012, Welch took delivery of a package containing marijuana that was mailed through the United States Post Office. Welch was arrested, but no state charges were filed. On August 29, 2012, Welch met with a Southeast Missouri Drug Task Force Officer and admitted that he had been picking up packages of marijuana for his uncle that were being shipped through the mail system. Welch was paid by the uncle for picking up the packages. Welch reported that the uncle had told Welch that the packages contained marijuana. On September 26, 2012, Welch was arrested and appeared in this District for his Initial Appearance before United States Magistrate Judge Lewis M. Blanton. A preliminary hearing and detention hearing were set for September 28, 2012. The Federal Public Defenders Office was appointed to represent Welch. Federal Public Defender Michael A. Skrien entered his appearance on behalf of Welch.

**C. Preliminary Hearing and Detention Hearing.**

On September 28, 2012, Welch appeared for his preliminary hearing and detention hearing, along with his attorney. Welch waived his right to a preliminary hearing, but argued for

release on bond. Judge Blanton heard evidence and argument on that issue and ordered that Welch be detained without bond pending the hearing on his supervised release violations. That hearing was set for October 22, 2012, before this Court due to the transfer of this case from Judge Autrey on October 17, 2012.

**D. The Supervised Release Revocation Calculation.**

On October 3, 2012, United States Probation Officer Kim Bramlett filed a Supervised Release Revocation Calculation setting forth the various grades of violations that the Petition alleged to have been violated along with a sentencing computation if the District Court found that Welch had violated any of the conditions of his supervised release. The Computation listed the violation of picking up the marijuana to deliver to another person was a Grade A violation; that Welch's possession of a controlled substance was a Grade C violation and that Welch's association with persons engaged in criminal activity was a Grade C violation. Welch's criminal history category from his previous conviction was IV.

The report showed that the Guideline range of imprisonment for a person found to have committed a Grade A violation with a Criminal History Category of IV would be 37 to 46 months and the statutory maximum sentence was five years.

**E. The Supervised Release Hearing.**

On October 22, 2012, this Court conducted a hearing to determine whether Welch had violated the terms of his supervised release. Welch, through his attorney, made an "Alford" admission that the Government could prove that he had violated the conditions of his supervised release and that the Government could prove the allegations of the Petition. This Court found that Welch had violated his conditions of supervised release. This Court found that the most serious violation

was a Grade A violation, that Welch's Criminal History Category was IV, and that Welch's Guideline range of imprisonment was 37 to 46 months. Neither party objected to those findings. After argument and allocution, this Court sentenced Welch to a term of imprisonment of 37 months, to be followed by a period of supervised release of 23 months.

Welch did not appeal his sentence.

**F. Petition for Post-Conviction Relief Pursuant to '2255.**

On May 3, 2013, Welch filed his Petition under 28 U.S.C. § 2255, asking that this Court set aside his 37 month sentence based on four grounds of alleged error.

## APPLICABLE LAW

**A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF**

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the

court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995). *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992). A Section 2255 motion may be dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995).

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to

deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The standard to be used in a collateral charge of ineffective assistance of counsel

following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 U.S. at 267.

## DISCUSSION

**Welch's Complaints in Issues Two, Three and Four are Not Cognizable in a § 2255 Proceeding.**

In the final three grounds set forth in his petition, Welch argues that: (1) his 37 month sentence was unreasonable; (2) that this Court erred in finding that Welch's violation was a Grade A violation; and (3) that this Court erred in determining that Welch's criminal history class was IV. None of these claims are cognizable in a § 2255 petition.

A § 2255 motion is not a substitute for direct appeal; it is intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993); *citing David v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298 (1974). A defendant may not obtain § 2255 relief for unappealed errors to which no contemporaneous objection was made unless he can show both cause and prejudice. *Id., citing Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992). Welch neither objected to nor appealed his sentence; therefore, his claims that his sentence was improperly imposed are not subject to review pursuant to a § 2255 petition.

The remedy provided by § 2255 does not encompass all claimed errors in conviction and

sentencing. *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) *citing Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) and *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235 (1979). A federal prisoner may file a § 2255 claim if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Meirovitz*, 688 F.3d at 370.

Welch's claim that his sentence was unreasonable is not reviewable in this action, because it was within the statutory limits set for such sentence. Welch does not contend that his sentence was either unconstitutional or that it exceeded the statutory limit set for his offense. A sentence imposed in district court would not be reversed by the appeals court unless it is beyond statutory or constitutional limits. *United States v. Allen*, 724 F.2d 1556 (11th Cir. 1984); *see also Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006).

Furthermore, issues of Guideline interpretation or application do not constitute proper § 2255 claims unless they rise to the level of being a miscarriage of justice. *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994) (misapplication of Sentencing Guidelines not proper claim under § 2255). The Eighth Circuit in *Auman* held that "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper § 2255 claim." *Auman*, 67 F.3d at 161.

Welch does not raise any Constitutional issue in regards to his last three claims. His only Constitutional arguments are set forth in his claim that his attorney was ineffective for failing to file a Notice of Appeal. Welch has not contended that his sentence was in excess of that allowed by statute. He has not set forth any claim that he suffered a "miscarriage of justice" that would permit § 2255 review. His claims are merely disagreements with this Court's interpretation and application of the Guidelines, which is insufficient for a § 2255 claim.

Although this Court can decide the issues against Welch on his second, third and fourth claims because these claims are not properly reviewable in a case filed under § 2255, this court will address the merits of the claims nonetheless.

**Ground two. Whether the 37 Month Sentence Was Reasonable.**

Welch stated in his § 2255 Petition that his "sentence was unreasonable according to circuit. Petitioner's sentence of 37 months is unreasonable. According to the Sixth Circuit Court of Appeals, a sentence of 37 months for a Grade A violation is unreasonable." Welch did not mention any factual basis for reaching his conclusion that his sentence was unreasonable, nor did he reveal the name of the case that made that conclusion. A review of the facts of this case demonstrates that the sentence was reasonable.

First, sentences within the applicable guideline range, as occurred in his case, are presumptively reasonable upon review by the Court of Appeals. *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir. 2006); *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009). Welch's applicable Guideline range for his offense was 37 to 46 months. Welch was given a sentence at the low end of that range. A quick review of Welch's offense conduct demonstrates why that sentence was objectively reasonable.

Welch admitted the allegations of the petition seeking revocation, in that he retrieved a package of marijuana from the post office that had been mailed to Welch's uncle. Welch told the officer that he had picked up other packages of marijuana from the post office for his uncle and that he knew the packages contained marijuana. Welch said that he had been paid $200 for picking up those packages. The marijuana weighed approximately 4.25 pounds. The Government contends that a sentence of 37 months for a person who knowingly retrieved 4.25 pounds of marijuana that was to be delivered to another person was a reasonable sentence, and especially so for a defendant who has one prior federal conviction for possessing cocaine with the intent to distribute. Welch knew full well the consequences of retrieving that marijuana and chose to violate the law anyway.

In addition, the Government conducted discussions with Welch's attorney prior to Welch's admission that he violated the terms of his supervised release. One of the attorney's concerns was whether the Government would indict Welch on a new charge for receiving the marijuana. The Government agreed that it would not indict Welch on a new charge if he would admit the violation in the hearing. The Government has kept its part of the bargain. Welch's claim of receiving an unreasonable sentence fails upon a complete review of his offense conduct and the terms of his admission.

**Ground three. Whether Welch's Violation Was a Grade A Violation.**

On this point, Welch contends that his supervised release violation was not a Grade A violation. Welch is simply mistaken as the classification of his offense.

U.S.S.G., § 7B1.1 provides for three grades of supervised release violations. Grade A violations are defined as:

> (1) <u>Grade A Violations</u> - - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a), or
>
> (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

U.S.S.G., § 7B1.1(a)(1).

R.S.Mo. § 195.211(2003) makes it a Missouri Class B felony to possess marijuana with the intent to deliver, provided that the marijuana weighs more than five grams. Welch's knowing possession of 4.25 pounds of marijuana with the intent to deliver it to another person is a felony controlled substance offense. Welch's offense conduct was properly classified as a Grade A violation as a felony controlled substance offense. Welch does not state exactly how or why his offense was not a Grade A violation, he merely contends that the classification was incorrect. Welch's claim is without merit.

**Ground four. Whether the District Court Applied the Correct Criminal History Class.**

In this issue, Welch contends that a Criminal History Class of IV was improperly applied to the calculation of his Guideline range of imprisonment. Welch was a Criminal History Class IV for his original sentencing hearing and that is the criminal history category that must be used in this case.

U.S.S.G., § 7B1.4 is the applicable section for determining the sentencing range for

offenders who violate the terms of their supervised release. It provides as follows:

> The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision.

U.S.S.G., § 7B1.4.

Welch's Criminal History Category at the time of his original sentencing hearing was Category IV. That was, and is, his Criminal History Category for purposes of calculating Welch's applicable Guideline range.

## CONCLUSION

For the foregoing reasons, Grounds Two, Three and Four in the Petition filed by Carl Sloan Welch are denied without an evidentiary hearing. On Ground One, an evidentiary hearing is set for the resolution of Welch's claim that his attorney did not file a Notice of Appeal on **Monday, August 26, 2013 at 3:00 p.m.** Attorney Adam Gohn is appointed to represent Movant Welch.

Dated this 26th day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE