UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARL SLOAN WELCH, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:13CV00070 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Count 1 of movant Welch's sec. 2255 "Motion to Vacate, Set Aside or Correct Sentence," #1, in which movant alleges that his attorney did not file a notice of appeal even though movant requested him to do so.  The circumstances of the case are that this Court revoked movant's supervised release after an uncontested hearing and imposed a 37-month sentence, which was the low end of the sentencing guidelines. On August 26, 2013, this Court held an evidentiary hearing on the failure-to-file-an-appeal issue, and testimony was introduced by both parties.  At the conclusion of the hearing, this Court expressly found, and now confirms, that upon sentencing and thereafter movant did not request his lawyer to file an appeal, that his lawyer counseled movant's family that there were no grounds for a successful appeal, and that notwithstanding his lawyer's belief that an appeal was unwarranted,  his lawyer most certainly would have filed an appeal if movant so requested.  Accordingly, there was no ineffective assistance of counsel in the failure to file a notice of appeal, and therefore, Count 1 is dismissed.

Movant also claims he should be granted a certificate of appealability not only on Count I, but also on Counts II through IV, which this Court previously dismissed.  Of course, the

certificate may issue only if the movant has made a substantial showing of the denial of a constitutional right.  In that regard, movant maintains that there was a misunderstanding with his lawyer about the appeal, and that even though he did not ask his lawyer to file an appeal after the sentence was imposed, he told his lawyer before sentencing that he wanted to appeal the sentence that was about to be imposed.  This argument, however, is simply not credible because movant (again, who had waived his right to an evidentiary hearing) did not then know what sentence he would receive, or even, for that matter, whether his supervised release would be revoked in the first place.  In short, movant's real complaint is with this Court's credibility determinations.  This is not a substantial showing of the denial of a constitutional right.  The certificate of appealability will be denied.

    **SO ORDERED** this 9th day of September, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE